Martin Pitha (SBN 192447)
mpitha@lp-lawyers.com
Lillis Pitha LLP
2 Park Plaza, Suite 480
Irvine, CA 92614
(949) 209-9020 (t)
(949) 759-1845 (f)

Douglas F. Stewart (*pro hac vice*)
doug.stewart@bracewelllaw.com
Jared Schuettenhelm (SBN 267885)
jared.schuettenhelm@bracewelllaw.com
Bracewell LLP
701 Fifth Avenue, Suite 6200
Seattle, Washington 98104-7018
(206) 204-6200 (t)
(800) 404-3970 (f)

David J. Ball (*pro hac vice*)
david.ball@bracewelllaw.com
Bracewell LLP
1251 Avenue of the Americas
New York, New York 10020
(212) 508-6100 (t)
(800) 404-3970 (f)

*Attorneys for Plaintiffs and
Counterclaim Defendants Toshiba Tec
Corp. and Toshiba America Business
Solutions, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOSHIBA TEC CORPORATION, and TOSHIBA AMERICA BUSINESS SOLUTIONS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> KATUN CORPORATION, <br><br> Defendant. | Case No. 8:15-cv-01979-SJO-JC <br><br> **STIPULATED PROTECTIVE ORDER** |

KATUN CORPORATION,

                           Counter Claimant,

v.

TOSHIBA TEC CORPORATION, and
TOSHIBA AMERICA BUSINESS
SOLUTIONS, INC.,

                           Counterclaim Defendants.

In light of the nature of the claims and allegations in this case and the parties' representations that discovery in this case will involve the production of confidential records, and in order to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in connection with this action, to address their handling of such material at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter.  The parties shall not designate any information/documents as confidential without a good faith belief that such information/documents have been maintained in a confidential, non-public manner, and that there is good cause or a compelling reason why it should not be part of the public record of this case.

In view of the foregoing, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

1.   For purposes of this Stipulated Protective Order ("Protective Order"), "Protected Information" shall mean all information or material produced for, made available for inspection to, or disclosed to a party (the

STIPULATED PROTECTIVE
ORDER

"Receiving Party") by another party or non-party (the "Producing Party") that the Producing Party believes, in good faith, constitutes or contains confidential information, whether embodied in physical objects, documents, or the factual knowledge of persons, and which has been so designated by the Producing Party using the relevant designations described in Paragraphs 3-5 below.  Any Protected Information obtained pursuant to discovery in this litigation may be used only in connection with this litigation.

2.   This Protective Order shall govern the handling of all discovery material, including documents, deposition transcripts, deposition exhibits, interrogatory responses, admissions, and any other information produced, given, or exchanged by or among the parties and any non-parties to the above-captioned action.

3.   Protected Information may be designated "CONFIDENTIAL."  The CONFIDENTIAL designation may be used for Protected Information that constitutes or includes confidential information that is not publicly known and that cannot be ascertained from an inspection of publicly available documents and materials.  Documents designated CONFIDENTIAL shall be available only to those persons and entities authorized to receive HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY material, as specified in Paragraph 4 below, in addition to In-house Counsel or In-house Advisors, as specified in Paragraph 15 below.

4.   Protected Information may be designated "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY."  The HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY designation may be used for Protected Information that constitutes or includes commercially sensitive or competitive information that is not publicly known and that cannot be ascertained from an inspection of publicly available documents and

STIPULATED PROTECTIVE ORDER

materials, the disclosure of which is restricted and may cause harm to the competitive position of the Producing Party, including, but not limited to, trade secrets; technical information (*e.g.*, schematic diagrams, technical reference manuals, and operations manuals); damages-related information (*e.g.*, sale volumes, revenues, costs, and profitability); business plans; marketing plans; customer lists; pricing lists; historical and on-going research and development information; information concerning systems and products not yet commercially or publicly available; information concerning comparisons, studies, testing, or evaluation of competitor systems or products; financial statements and related back-up data; unpublished pending patent applications; licenses and licensing documentation; strategic plans; and settlement agreements or settlement communications.   Protected Information obtained from a non-party pursuant to a nondisclosure agreement may be designated HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, unless the non-party permits disclosure under a different designation.   Protected Information designated HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY and information contained therein shall be available only to Outside Counsel (per Paragraph 14), Technical Advisors (per Paragraph 16, and in accordance with Paragraphs 16(a)-16(d)), Mock Jurors (per Paragraph 17), and the Court and Third Party Vendors (per Paragraph 18), and may be subject to the Prosecution Bar pursuant to Paragraphs 11 -12.

5.   Protected Information may be designated "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE."   This designation is reserved for Protected Information that is not publicly known and that cannot be ascertained from an inspection of publicly available documents and materials, involving computer code (in any software language), scripts, assembly code, source code, object code, source code listings

STIPULATED PROTECTIVE ORDER

and descriptions of source code, object code listings and descriptions of object code, files that describe the hardware design of any ASIC or other chip (including Hardware Description Language ("HDL" or "VHDL") files and Register Transfer Level ("RTL") files, netlists, mask data design and fabrication computer files stored in a "GDS" or related file format, process-flow documents related to the fabrication of circuit boards, and other documents that provide the same definition or detailed description of the algorithms or structures of software or hardware designs. (For the purposes of this Protective Order only, such materials will be referred to for convenience as "Protected Code").    Information designated HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE shall be provided only to those persons and entities authorized in Paragraph 4, subject to the additional protections set forth in Paragraph 13, and shall be subject to the Prosecution Bar pursuant to Paragraphs 11-12.

6.    Protected Information shall be designated by marking it "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE," as appropriate. Protected Information also includes any material (such as notes, memoranda, briefs, declarations, reports, testimony, and correspondence) that refers to or is derived from material designated as Protected Information.  If two or more copies of the same document or tangible thing are produced with conflicting confidentiality designations, all parties shall assume the more restrictive designation shall apply to all copies.  A non-party's failure to designate Protected Information does not limit the right of any party to designate such information as Protected Information under the terms of this Protective Order, provided such information is the party's information.  If promptly corrected

STIPULATED PROTECTIVE ORDER

upon discovery of the inadvertent failure to designate, such failure does not, standing alone, waive the Producing Party's right to secure protection under this Protective Order for such material.  Upon prompt correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order. This includes but is not limited to the Receiving Party making reasonable efforts to assure that any document in the Receiving Party's possession with the incorrect designation is replaced with a document with the corrected designation.

7.    A deposition transcript may be designated, in whole or in part, CONFIDENTIAL, HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE, by an appropriate statement at the time such testimony is given.  The reporter shall mark the original and all copies of the transcript to reflect the designation.  Alternatively, a deposition transcript may be designated by notifying the reporter and the other parties in writing of the portions of such testimony to be so designated within thirty (30) days of the date the transcript is received by the designating party.  Before the expiration of said 30-day period, all parties shall presumptively treat deposition transcripts as if they were designated HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY.  Any portions of the transcript that have been designated shall thereafter be treated in accordance with the terms of this Protective Order.  If no portions of a transcript are designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE by any party on record during the deposition or by written notice within the 30-day period, the transcript shall be considered not to contain Protected Information.

STIPULATED PROTECTIVE ORDER

8.   All Protected Information not reduced to documentary, tangible, or physical form, or which cannot be conveniently designated using the designations described in detail above, shall be designated by the Producing Party by informing the Receiving Party of the designation in writing.

9.   If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Information to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify the Producing Party in writing of the unauthorized disclosure, (b) use its best efforts to retrieve all unauthorized copies of the Protected Information, (c) inform the person or persons to whom unauthorized discloses were made of all the terms of this Protective Order, and (d) request such persons to execute the "Agreement to Be Bound by Stipulated Protective Order" that is attached hereto as Exhibit A.

10.   Inadvertent or unintentional disclosure of documents (including physical objects) containing privileged or protected information shall not constitute a waiver of attorney-client privilege, work product immunity, or any other applicable privilege if, as soon as reasonably possible after the Producing Party becomes aware of any inadvertent or unintentional disclosure, the Producing Party designates any such documents as protected by the attorney-client privilege, work product immunity or any other applicable privilege and requests return of such documents to the Producing Party.  Upon request by the Producing Party, the Receiving Party shall immediately return or destroy all copies of such inadvertently produced document(s).  Nothing herein shall prevent the Receiving Party from challenging the assertion of the attorney-client privilege, work product immunity, or other applicable privilege before the Court.  The Receiving Party may not retain any inadvertently produced

STIPULATED PROTECTIVE ORDER

documents pending the Court's resolution of a challenge to a designation of privilege.

11.  Absent written consent of the owner of the Protected Information, any person who receives and reviews any document containing technical information designated as HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE shall not engage in any original prosecution of a patent application substantially related to technology disclosed during this litigation from the time of receipt of such information through and including two (2) years following the entry of a final non-appealable judgment or order of the complete settlement of all claims against all parties in these related cases.  Original prosecution of a patent application does not include (1) activities by parties' counsel or their clients and affiliates in addressing a challenge to a patent in reexaminations, *inter partes* reviews, or other post-grant challenges to patents, or (2) activities by any person subject to this provision for purposes of performing administrative tasks for a pending patent application on which the person is an inventor.  Nothing in this paragraph shall prevent any attorney from sending non-confidential prior art to an attorney involved in patent prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor.  For the avoidance of doubt, this prosecution bar shall not be applicable to individuals that receive and review documents containing only financial information designated as HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE.

STIPULATED PROTECTIVE ORDER

12.  The parties expressly agree that the Prosecution Bar set forth in the paragraphs above shall be personal to any attorney who reviews Protected Information designated as HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE and shall not be imputed to any other persons or attorneys at that attorney's law firm or company.

13. Material designated HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE shall be afforded the following further protections:

(a)  Access to material designated HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE shall be provided only to those persons authorized in Paragraph 4, subject to the Prosecution Bar pursuant to Paragraphs 11-12.

(b)  The persons allowed access pursuant to Paragraph 13(a) shall only view the Protected Code on a stand-alone computer ("Protected Code Computer") made available at a single, secure location selected by the Producing Party ("Secure Facility").  Such Secure Facility may include, but is not limited to, the business offices of the Producing Party or its Outside Counsel.  The Protected Code Computer shall not have Internet access or network access to other computers.

(c)  Protected Code Available at Secure Facilities.  Protected Code will be made available at a Secure Facility on seven (7) business days prior written notice.  If a Secure Facility is used on consecutive days, 24 hours notice shall be sufficient after the first day.  The Protected Code Computer shall be provisioned with sufficient tools to review Protected Code.  For example, the Protected Code Computer shall be provisioned with tools to select limited exemplary excerpts of information for production after proper redaction (for

STIPULATED PROTECTIVE ORDER

example, of specific transmission code values and formats) and labeling, including the ability to indicate the Protected Code to be produced by saving such Protected Code to PDF in a specified folder on the Protected Code Computer.  In addition, the Protected Code Computer shall include software utilities that will allow reviewers to view, search, and analyze the Protected Code.  At a minimum, these utilities must provide the ability to (a) view, search, and line-number any source file, (b) search for a given pattern of text through a number of files, (c) compare two files and display their differences, and (d) compute the MD5 checksum of a file.

(d)   Outside Counsel and/or Technical Advisors for the party reviewing the Protected Code ("Reviewing Party") shall be entitled to take notes relating to the Protected Code, but may not copy the Protected Code into such notes.  Such notes shall be subject to all of the restrictions of the HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE designation.

(e)   Following its review of Protected Code, the Reviewing Party and its Technical Advisors may request that the Producing Party print specified portions of the Protected Code.  The Reviewing Party shall request printing only such portions as are reasonably necessary.  Requests for 10 or less consecutive pages, and an aggregate total of 100 or less pages, of Protected Code during the duration of the case shall be presumptively reasonable.  If the Reviewing Party wishes to have printed more than 10 consecutive pages and/or more than 100 pages of Protected Code in the aggregate per Producing Party during the case, the Reviewing Party may request a conference of counsel to discuss the printing of additional Protected Code.  Unless it objects to the request, the Producing Party shall provide, within no more than five business days of any such presumptively reasonable request, or in such additional time as

STIPULATED PROTECTIVE ORDER

reasonably necessary due to the volume requested as agreed to by the parties, three copies of such pages to the Reviewing Party. The Producing Party shall Bates number, copy, and label HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE such pages of printed Protected Code. The printed pages shall constitute part of the Protected Code produced by the Producing Party in this action. If the Producing Party objects based on a good faith belief that the portions requested to be printed are not reasonably necessary to any case preparation activity, the Producing Party shall make such objection known to the Reviewing Party within five business days of the request. If, after conferring, the Producing Party and the Reviewing Party cannot resolve the objection, either party may bring the issue to the Court. Pending resolution of the dispute, the Reviewing Party shall not remove the disputed materials from the Secure Facility unless otherwise agreed by the parties.

(f)  The use of any input/output device, recordable media, or recordable device (*e.g.*, USB memory stick, CDs, portable hard drives, cameras (including cellular phones with camera functionality), sound recorders, etc.) is prohibited while accessing the Protected Code Computer, and no such devices or media shall be permitted in the room at the Secure Facility with the Protected Code Computer. Other than as provided herein, the Reviewing Party shall not copy, remove, or otherwise transfer any Protected Code from the Protected Code Computer.

(g)  Only persons permitted to view HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE pursuant to Paragraph 13(a) of this Protective Order shall have access to the Reviewing Party Computer. The following additional restrictions shall apply to such access:

STIPULATED PROTECTIVE ORDER

(1)	Access to the Protected Code Computer shall be limited to two (2) Outside Counsel representing the Reviewing Party and two (2) Technical Advisors retained by the Reviewing Party.

(2)	Neither the Reviewing Party nor the Producing Party shall modify the Protected Code or any files on the Protected Code Computer during discovery, provided however that new files may be created that test the existing files.

(3)	At least seven (7) business days prior to the date on which access to the Protected Code Computer is sought, counsel of record for the Reviewing Party shall provide a list of Outside Counsel and Technical Advisors seeking access to the Protected Code Computer, and the Producing Party shall have the right to object to such access within five (5) business days. If the Producing Party does not object within five (5) business days after receiving notice, any objections by Reviewing Party are waived.  During the pendency of the seven business day notice period, no listed individual shall have access to the Protected Code Computer.  The parties shall confer in good faith to resolve any objections by the Producing Party to the list of Outside Counsel and Technical Advisors seeking access to the Protected Code Computer.

(4)	Each time a person accesses the Protected Code Computer on behalf of the Reviewing Party, that person shall sign a sign-in sheet prior to and subsequent to accessing the Protected Code Computer that includes the name of the person accessing the Protected Code Computer and the date and time in and out of the Secure Facility.

(h) The persons described in Paragraph 13(a) who may have access to information designated HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE may include excerpts of

STIPULATED PROTECTIVE ORDER

properly-produced Protected Code in a pleading, exhibit, analysis, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents ("Protected Code Documents"); each excerpt of Protected Code quoted in a Protected Code Document shall be limited to only that necessary to support the argument made in the referencing Protected Code Document.  To the extent portions of Protected Code are quoted in a Protected Code Document, either (1) the entire document will be stamped and treated as HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE or (2) those pages containing quoted PROTECTED CODE will be separately bound, stamped, and treated as HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE.

(i)   The persons described in Paragraphs 13(a) and 16(a) shall be permitted to send, store, and access Protected Code Documents on a computer and on a computer network that limits access to only necessary viewers.  To the extent Protected Code Documents are transferred back to electronic media, such media shall be labeled HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE.

(j)   Protected Code Documents stored on a computer or computer network shall be password protected so as to limit access only to persons described in Paragraph 13(a) and 16(a).

(k)   Copies of  Protected Code shall be stored or viewed only at (i) the offices of Outside Counsel for the Receiving Party, (ii) the offices of Technical Advisors who have been approved to access to the Protected Code; (iii) the site where any deposition is taken (iv) the Court; or (v) any intermediate location necessary to transport the information to a hearing, trial, or deposition.  Any such paper copies shall be maintained at all times in a

STIPULATED PROTECTIVE ORDER

secure location under the control of either Outside Counsel or Technical Advisors who have been approved to access to the Protected Code, as the case may be.  Technical Advisors in possession of the Protected Code outside of Outside Counsel's offices must store the Protected Code in a secure location inaccessible to others.

(l)   Images or copies of Protected Code shall not be included in correspondence between the parties (references to production numbers shall be used instead) except as included in correspondence that attaches copies of Protected Code Documents as permitted herein.

14.  Outside Counsel for a Receiving Party shall have access to the Producing Party's information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY and HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE.   The term "Outside Counsel" shall mean attorneys who are not employees of a party to this action, but are retained to represent or advise a party to this action, and have appeared in this action on behalf of that party. The term "Outside Counsel" also includes other attorneys and supporting personnel, such as paralegals and legal secretaries, employed by the law firm of those counsel.

15.  Up to three (3) In-house Counsel or In-house Advisors for a Receiving Party with responsibility for overseeing this litigation may have access to the Producing Party's information designated CONFIDENTIAL.  The term "In-house Counsel" shall mean attorneys who are employees of a party and are working on this litigation, and includes supporting personnel employed by those counsel, such as paralegals, but excludes any inventor of a patent-in-suit.   The term "In-house Advisors" shall mean non-attorney individuals working on this litigation as an employee or advisor of a party, but excludes any

STIPULATED PROTECTIVE ORDER

inventor of a patent-in-suit.   No disclosure of information designated CONFIDENTIAL shall be made to any In-house Counsel or In-house Advisor unless the person to whom the disclosure is to be made shall first have signed the form attached hereto as Exhibit A stating that he or she has read and understands this Protective Order and agrees to be bound by its terms and a copy has been given to the Producing Party.

16. Information    designated    CONFIDENTIAL,    HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE may be furnished and disclosed to Technical Advisors.   The term "Technical Advisor" shall mean an independent, outside expert witness or consultant (who is not a current or former employee of a party) with whom Outside Counsel may deem it necessary to consult concerning technical, financial, or other aspects of this litigation for the preparation or trial thereof, but excludes any inventor of a patent-in-suit.

(a)   Should a Receiving Party find it necessary to disclose a Producing Party's information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE to a Technical Advisor, the Receiving Party shall first give written notice to the Producing Party.  Such written notice shall:  (1) set forth the full name of the Technical Advisor and the city and state of his or her primary residence; (2) attach a current copy of the Technical Advisor's résumé or curriculum vitae; (3) identify the Technical Advisor's current employer(s) and current title(s); (4) identify each person or entity from whom the Technical Advisor has received compensation or funding for work in his or her areas of expertise or to whom the Technical Advisor has provided professional services,

including in connection with a litigation, at any time during the five (5) years preceding the delivery of such notice; and (5) identify any litigation in connection with which the Technical Advisor has offered expert testimony, including through a declaration, report, or testimony at a deposition or a trial during the preceding five (5) years.  To the extent that a prospective Technical Advisor cannot provide any of the aforementioned information, the Receiving Party shall advise the Producing Party and the parties shall confer in good faith to enable the Technical Advisor to provide information that is sufficient to permit the Producing Party to assess whether it has grounds to object to disclosure of the information to the Technical Advisor.

(b)  The Producing Party may object to the disclosure of the information to such Technical Advisor by notifying the Receiving Party of any objection within seven (7) business days of receiving written notice of the Receiving Party's request to disclose information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE to a Technical Advisor.  Except by order of this Court, no information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE shall be disclosed to such Technical Advisor until after the expiration of the 7-business day period without having received an objection from the Producing Party.  Failure to object within the time period set forth above shall be deemed consent to the proposed disclosures as set forth in the notification.  Consistent with C.D. Cal. L.R. 37-1, a party that receives a timely written objection shall meet and confer with the objecting party in an effort to resolve the matter.  If no agreement can be reached after counsel for the parties have conferred, the

STIPULATED PROTECTIVE
ORDER

objecting party may approach the Court and follow appropriate Court procedures for resolution of the dispute.

(c) No disclosure of information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE shall be made to any Technical Advisor unless the person to whom the disclosure is to be made shall first have signed the form attached hereto as Exhibit A stating that he or she has read and understands this Protective Order and agrees to be bound by its terms. Identification of a Technical Advisor under this Protective Order is not a waiver of any applicable consultant or work product privilege, and does not by itself subject the Technical Advisor to any discovery.

(d) No notes, drafts, draft reports, or other types of preliminary written work by or for Technical Advisors concerning the subject matter of this action shall be the subject of discovery or of inquiry at trial. No communication, whether written or oral between or among any Technical Advisors or counsel for the party retaining said Technical Advisors concerning the subject matter of this action shall be the subject of discovery or of inquiry at trial. The foregoing shall not apply to any communications or documents upon which the Technical Advisor relied in forming his or her opinions as expressed in a declaration, report, or testimony, or on which a Technical Advisor intends to rely as a basis for an opinion expressed in a declaration, report, or testimony in connection with this action; such communications and documents shall be subject to discovery and inquiry at trial. Materials, communications, and other information exempt from discovery under this paragraph shall be treated as attorney work product.

STIPULATED PROTECTIVE
ORDER

17. Mock jurors hired by a party and/or their Outside Counsel in connection with this litigation may only be told about or shown CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY materials provided: (1) they are not affiliated with any party to this case or their direct competitor; (2) they have signed the form attached hereto as Exhibit A stating that they have read and understand this Protective Order and agree to be bound by its terms; and (3) they are not themselves given custody of any Protected Information, nor permitted to remove or discuss outside the exercise, any presentations, questionnaires, or notes taken during the exercise from any room in which the research is conducted.

18. The Court, its officers, and court stenographers whose functions require them to have access to information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE may have such access. Parties may retain third-party vendors who may be given access to information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE, but such third-party access shall not entitle the parties themselves to any access to information otherwise prohibited by this Protective Order.

19. Nothing in this Protective Order shall prevent a Receiving Party from contending that any or all documents or information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE has been improperly designated. A Receiving Party may at any time request that the Producing Party cancel or

STIPULATED PROTECTIVE ORDER

modify the CONFIDENTIAL, HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE designation with respect to any document or information contained therein.  Such a challenge shall be written, shall be served on Outside Counsel for the Producing Party, and shall identify the particular pages or information on a page that the Receiving Party contends should be differently designated.  The parties shall use their best efforts to resolve promptly and informally such disputes.  If an agreement cannot be reached, the Receiving Party may request that the Court cancel or modify a CONFIDENTIAL, HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE designation.

20.  Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions concerning all information designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE as reasonably necessary.  Without in any way limiting the generality of the foregoing:

(a)  A present director, officer, agent, and/or employee of a Producing Party may be shown, may be examined, and may testify concerning all information designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE that has been produced by that party.

(b)  Non-parties may be examined or may testify concerning any document containing information designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, or HIGHLY

STIPULATED PROTECTIVE
                                                           ORDER

CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE of a Producing Party, which appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contact or relationship with the Producing Party or a representative or agent of the Producing Party.  Any person other than the witness, his or her attorney(s), or any person authorized to receive information designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE under this Protective Order shall be excluded from the portion of the examination concerning such information, unless the Producing Party consents to persons other than authorized recipients being present at the examination.

(c)   In the course of any deposition, counsel for a Producing Party may request that everyone except the court reporter and persons authorized to access Protected Information under this Protective Order leave the room. Failure to comply with this instruction shall justify instructing the witness not to answer the pending question.

(d)   At a later date, any party may ask the Court to address trial examinations and testimony occurring in open court as it relates to materials designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE.

21. The parties shall seek permission from the Court to file all transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents that have been designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED

STIPULATED PROTECTIVE ORDER

CODE or that contain information so designated, under seal pursuant to the local rules for the Central District of California and any pertinent orders of the assigned District Judge and Magistrate Judge.

22.   Export Control.   Each party receiving Protected Information shall comply with all applicable export control statutes and regulations. The Producing Party shall label any Protected Information subject to United States Export Administration Regulations with the designation "Export Controlled" ("Export Controlled Material"). The Receiving Party shall not provide Export Controlled Material to a foreign national without prior consent of the Producing Party or order of the Court. The term "foreign national" is defined as any person who is not a U.S. person or national/citizen, lawful permanent resident, person granted asylum or refugee status, or temporary resident granted amnesty. The restrictions contained within this paragraph may be amended through the consent of the Producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations.

23.   Disclosure to Author or Recipient.   Notwithstanding any other provisions, nothing in this Protective Order shall prohibit Outside Counsel from disclosing a document or thing designated as Protected Information to any person whom the document or thing clearly identifies as an author, addressee, source, or carbon copy recipient of such document or thing. Regardless of its designation, if a document or thing makes reference to the actual or alleged conduct or statements of a person, Outside Counsel may discuss such conduct or statements with such person, provided that such discussions do not directly or indirectly disclose or reveal any portion of the document or thing other than that which specially refers to such conduct or statement.

24.   The parties shall disclose this Protective Order to all non-parties producing information or material pursuant to a subpoena or court order in this

STIPULATED PROTECTIVE
                                                                  ORDER

case.  A non-party producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as CONFIDENTIAL, HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE information pursuant to the terms of this Protective Order, and shall be considered a Producing Party under this Protective Order.

25. A non-party's use of this Protective Order to protect its CONFIDENTIAL, HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE information does not entitle that non-party access to CONFIDENTIAL, HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL— OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE information produced by any party in this case.

26.  Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this litigation and, in the course of rendering advice, relying generally on the examination of Protected Information produced or exchanged; provided however, that in rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose the substance or contents of any Protected Information produced by another Party or person if that disclosure would be contrary to the terms of this Protective Order.  Further, nothing in this Protective Order prevents any Outside Counsel from advising his or her clients regarding general strategy so long as the Outside Counsel does not disclose the substance or contents of any Protected Information in a manner contrary to the terms of this Protective Order.

STIPULATED PROTECTIVE ORDER

27. Within sixty (60) days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all parties, each Receiving Party shall, at its option, either return to the Producing Party or destroy all physical objects and documents which embody CONFIDENTIAL, HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE information that were received from the Producing Party, and shall destroy in whatever form stored or reproduced, all other physical objects and documents, including but not limited to, correspondence, memoranda, notes and other work product materials, electronic or otherwise, that contain or refer to CONFIDENTIAL, HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE information. Each Receiving Party that has provided copies of Protected Information of another party to a Technical Advisor shall promptly request the return of all such copies and shall destroy such copies, or shall cause the Technical Advisor to destroy all such copies. Each Receiving Party shall submit a written certification to each Producing Party by ninety (90) days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all parties, confirming that all Protected Information has been destroyed (or handled as otherwise ordered or agreed). Notwithstanding the foregoing, Outside Counsel shall be entitled to maintain copies of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), any expert reports, written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial. The terms of this Protective Order shall

STIPULATED PROTECTIVE ORDER

1    continue to apply to all retained materials, and any attorney work product that

2    refers or is related to any Protected Information for archival purposes only.

3        28.  This Protective Order is entered without prejudice to the right of any

4    party to apply to the Court at any time for additional protection or relief, or to

5    relax or rescind its restrictions, when convenience or necessity so requires.

6        29. The United States District Court for the Central District of

7    California is responsible for the interpretation and enforcement of this

8    Protective Order.   All disputes concerning CONFIDENTIAL, HIGHLY

9    CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, or HIGHLY

10   CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED

11   CODE information produced under the protection of this Protective Order shall

12   be resolved by the United States District Court for the Central District of

13   California.

14       30.  This Protective Order shall remain in full force and effect until one

15   hundred twenty (120) days after the entry of a final non-appealable judgment or

16   order, or the complete settlement of all claims asserted against all parties in

17   each of these related cases, unless cancelled or otherwise modified in writing as

18   agreed to by all of the Parties or by an order of this Court.

19       31.  <u>Other Proceedings</u>.  By entering this Protective Order and limiting

20   the disclosure of information in this litigation, the Court does not intend to

21   preclude another court from finding that information may be relevant and

22   subject to disclosure in another case.  Any person or party subject to this order

23   who becomes subject to a motion to disclose another party's information

24   designated   CONFIDENTIAL,   HIGHLY   CONFIDENTIAL—OUTSIDE

25   ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—OUTSIDE

26   ATTORNEYS' EYES ONLY— PROTECTED CODE pursuant to this order

27   shall promptly notify that party of the motion so that the party may have an

28

1    opportunity to appear and be heard on whether that information should be

2    disclosed.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE
ORDER

**STIPULATED TO BY THE PARTIES**

_/s/ Douglas F. Stewart_

Douglas F. Stewart (_pro hac vice_)
doug.stewart@bracewelllaw.com
Jared Schuettenhelm (SBN 267885)
jared.schuettenhelm@bracewelllaw.com
Bracewell LLP
701 Fifth Avenue, Suite 6200
Seattle, Washington 98104-7018
(206) 204-6200 (t)
(800) 404-3970 (f)

David J. Ball (_pro hac vice_)
david.ball@bracewelllaw.com
Bracewell LLP
1251 Avenue of the Americas
New York, New York 10020
(212) 508-6100 (t)
(800) 404-3970 (f)

Martin Pitha (SBN 192447)
mpitha@lp-lawyers.com
Lillis Pitha LLP
2 Park Plaza, Suite 480
Irvine, CA 92614
(949) 209-9020 (t)
(949) 759-1845 (f)

_Attorneys for Plaintiffs and_
_Counterclaim Defendants Toshiba Tec_
_Corporation and Toshiba America_
_Business Solutions, Inc._

_/s/ Cyrus A. Morton_

Cyrus A. Morton (_pro hac vice_)
CMorton@RobinsKaplan.com
800 LaSalle Ave.
2800 LaSalle Plaza
Tel.: (612) 349-8500
Fax: (612) 339-4181

Li Zhu (SBN 302210)
LZhu@RobinsKaplan.com
2440 W. El Camino Real, Suite 100
Mountain View, CA 94040
Tel.: (650) 784-4013
Fax: (612) 339-4181

_Attorneys for Defendant and_
_Counterclaimant, Katun_
_Corporation_

STIPULATED PROTECTIVE
ORDER

1

2

3

4  Dated:  December 5, 2016

5

6

7                              _____/s/ Jacqueline Chooljian_____
                               UNITED STATES MAGISTRATE JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE
                               ORDER

1

2

**<u>EXHIBIT A</u>**

3

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA**

4

5

TOSHIBA TEC CORPORATION, and
TOSHIBA AMERICA BUSINESS
SOLUTIONS, INC.,

Case No. 8:15-cv-01979-SJO-JC

6

JURY TRIAL DEMANDED

7

8

                         Plaintiffs,

9

v.

10

KATUN CORPORATION,

11

                         Defendant.

12

13

KATUN CORPORATION,

14

                    Counter

15

Claimant,

16

v.

17

TOSHIBA TEC CORPORATION, and
TOSHIBA AMERICA BUSINESS
SOLUTIONS, INC.,

18

19

20

                    Counterclaim
Defendants.

21

22

**AGREEMENT TO BE BOUND BY
STIPULATED PROTECTIVE ORDER**

23

24

        I, _____, declare that:

25

1.    My address is _____.

26

2.    The name and address of my present employer is _____.

27

3.    My present occupation or job description is _____.

28

4.    I have received and read a copy of the Stipulated Protective Order ("the

Protective Order") in this litigation.

5.      I am fully familiar with and agree to comply with and be bound by the terms of the Protective Order or by further order issued by the Court.   I understand that I am to retain all copies of any documents designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL— OUTSIDE ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me related to any information designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL— OUTSIDE ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL— OUTSIDE ATTORNEYS' EYES ONLY—PROTECTED CODE are to be returned to counsel who provided me with such material or destroyed within 60 days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all parties.

6.      I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use except solely for authorized purposes, any information obtained pursuant to the Protective Order, except as provided in the Protective Order.  I also agree to notify any stenographic, clerical, or other personnel who are required to assist me of the terms of the Protective Order.

7.      I hereby submit to the jurisdiction of this Court for the purposes of enforcement of the Protective Order in this action.

8.      I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

2

1

2    Executed at _____on_____, 20____.

3

4

5    _____
     [SIGNATURE]

6

7    _____
     [PRINTED NAME]

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28